UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

WILLIAM BLAGROVE,

               Plaintiff,

        -against-                                        **MEMORANDUM AND ORDER**
                                        19-CV-5357 (RPK) (LB)
DEUTSCHE BANK NATIONAL TRUST
COMPANY, JEFFREY MILLER, ESQ., and
AGUU HOMES LLC,

               Defendants.
------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

     *Pro se* plaintiff William Blagrove brings a wrongful foreclosure action against Deutsche

Bank National Trust Company ("Deutsche Bank"), Jeffrey Miller, Esq., and AGUU Homes, LLC.

Defendant Deutsche Bank moves to dismiss the complaint for lack of subject-matter jurisdiction

and failure to state a claim.  Defendant's motion is granted.

## BACKGROUND

     The following factual allegations are taken from plaintiff's complaint, documents integral

to plaintiff's complaint, and documents amenable to judicial notice.

### A.     Factual Background

     Records at the Office of the City Register reflect that plaintiff William Blagrove mortgaged

real property at 1603 East 95th Street, Brooklyn, NY, 11236 for a $488,000 loan on May 26, 2006.

*See* Def.'s Mot. to Dismiss Ex. A at 1 (Dkt. #10).  In 2014, defendant Deutsche Bank filed a

foreclosure action against plaintiff in Kings County, alleging that plaintiff failed to make a

payment in 2008.  *See* Def.'s Mot. to Dismiss Ex. B.  In 2016, summary judgment was granted to

Deutsche Bank.  *See* Def.'s Mot. to Dismiss Ex. D.  In 2018, a final judgment of foreclosure and

sale was issued in favor of Deutsche Bank.  *See* Def.'s Mot. to Dismiss Ex. E.  In 2019, plaintiff

moved to vacate the judgment, and that motion was denied.  *See* Def.'s Mot. to Dismiss Ex. F.

### B.    Procedural History

Plaintiff then filed this wrongful foreclosure action.  *See* Compl. ¶ 6 (Dkt. #1).  Plaintiff

alleges that defendants failed to disclose documents during negotiations over the mortgage.  For

example, plaintiff alleges that defendants "refused to provide . . . copies of important documents,

including the complete mortgage and note, which would explain [plaintiff's] consumer rights,"

*id*. ¶ 9; and that defendants "refused to . . . disclose that the loan obtained had an interest rate higher

than stated," *id.* ¶ 10.  Plaintiff further alleges that he "never . . . gave the defendants a signed copy

of the purported mortgage" despite what the city records purport to show.  *Id*. ¶ 8.

Plaintiff also alleges that defendants failed to disclose documents after his purported

default.  For example, plaintiff alleges that defendants did not deliver an "accounting to show

where the amounts owed were derived from."  *Id.* ¶ 13.  And plaintiff alleges that defendants never

delivered any "acceleration statement" that would "accelerat[e] the purported loan."  *Id.* ¶ 14.

On these allegations, plaintiff brings twenty-five causes of action.  A first set of claims

allege that defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, when

defendants did not give various "mortgage documents" to plaintiffs, Compl. ¶¶ 16-19, including

"proper notices," *id.* ¶¶ 20-24, "required statements," *id.* ¶¶ 25-29, 82-85, and "required disclosure

statements," *id.* ¶¶ 30-34, such as "signed copies of the complete mortgage," *id.* ¶¶ 78-81, a

statement that "settlement fees could not be part of the amount financed," *id.* ¶¶ 86-89, or a proper

notice of default, *id.* ¶¶ 106-109.  A second set of claims allege that defendants violated

Regulation Z, 12 C.F.R. § 226, when defendants did not "group[] together" disclosures and

"segregate[] [them] from everything else," Compl. ¶¶ 35-38, 47-49; sign a document setting out

"[t]he right to rescind or cancel" their agreement, *id.* ¶¶ 39-46; disclose a "good faith estimate"

during negotiations, *id.* ¶¶ 50-53; disclose a "statement . . . about nonpayment, default, [and] the right to accelerate," *id.* ¶¶ 54-61; disclose the calculation of the mortgage balance, *see id.* ¶¶ 62-65; or disclose "beginning interest rates and the adjustable rate rider," *id.* ¶¶ 110-13.  A third set of claims allege that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2610, when defendants did not disclose that the loan had "an interest rate higher than the rate reflected in" preliminary disclosures, *id.* ¶¶ 90-93; did not disclose that the loan "required loan origination fees," *id.* ¶¶ 94-97; and allegedly "inflated the acceleration fees," *id.* ¶¶ 70-73.

Plaintiff seeks an injunction preventing defendants "from evicting the plaintiff"; an order declaring "the foreclosure sale of the subject premises [to be] null and void"; "[r]escission of the entire [m]ortgage and note amounting to clear title to property"; "return of the down payment, and other payments, as well as interest"; and damages for "each and every violation."  *Id.*  ¶¶ 117-126.

On February 14, 2020, plaintiff filed purported proof of service for defendant Deutsche Bank.  *See* Proof of Service (Feb. 14, 2020) (Dkt. #7).  A server "sent a copy of [the] summons by priority mail with signature confirmation to . . . [the] business address for defendant."  *Id.* at 1.

Defendant Deutsche Bank has moved to dismiss the complaint with prejudice.  *See* Def.'s Notice of Mot. at 1 (June 8, 2020) (Dkt. #10).  Deutsche Bank contends the dismissal is warranted based on lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), *see id.* ¶¶ 16, 28-36; and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), *see id.* ¶¶ 16-27, 37-45, among other arguments.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015).

"The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Ibid.* To assess plausibility, I consider the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quotations and marks omitted).

**DISCUSSION**

Defendant's motion to dismiss the complaint is granted. *Rooker-Feldman* bars this Court from reviewing the judgment in the underlying foreclosure action. Plaintiff's remaining claims are time barred.[*]

**I.   *Rooker-Feldman* bars all claims that target the underlying state-court foreclosure.**

The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Together, those cases 'established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.'" *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For a claim to be barred, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 644-45 (citing *Hoblock*, 422 F.3d at 85).

Here, plaintiff has identified various grounds for "[r]escission of the entire [m]ortgage and note amounting to clear title to property," and he seeks an order declaring "the foreclosure sale of the subject premises [to be] null and void" alongside an injunction preventing defendants "from evicting the plaintiff." Compl. ¶¶ 117-118, 125. Such claims are barred by *Rooker-Feldman*. First, plaintiff lost the foreclosure action when the state court entered judgment for defendant. *See* Def.'s Mot. to Dismiss Ex. E. Second, plaintiff complains of injuries caused by a state-court

---

[*] Defendant argues in passing that the complaint should be dismissed for lack of service, but this argument is waived because it is "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013).

judgment; "the injury . . . in th[ese] claim[s] for relief . . . which he seeks to have remedied, is the state foreclosure judgment." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (barring claims where plaintiff requested "title to and tender of his property and . . . to have the state judgment declared 'void'). Third, such claims invite district court review and rejection of that judgment. *Ibid.* Fourth, the judgment here was rendered in 2018—long before plaintiff filed this action on September 27, 2019. *See* Def.'s Mot. to Dismiss Ex. E; Compl. at 19.

"[C]ourts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*." *Desir v. Fla. Capital Bank, N.A.*, 377 F. Supp. 3d 168, 172 (E.D.N.Y. 2019); *see Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (holding that *Rooker-Feldman* barred a claim that a foreclosure was "void *ab initio*" as well as claims "to quiet title" and "slander of title"); *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 275 (S.D.N.Y. 2018) (holding that *Rooker-Feldman* barred "wrongful foreclosure claim" as well as "claims for quiet title, slander of title, and declaratory relief"); *Desir*, 377 F. Supp. at 173-74 (holding that *Rooker-Feldman* barred claims that "attack[ed] the very contract enforced by the state court as fraudulent"); *Vorburger v. JP Morgan Chase Bank, N.A.*, No. 18-CV-7515, 2019 WL 4805818, at *2 (holding that *Rooker-Feldman* barred claims "regarding tortious interference, fraud, and misleading the court"). Plaintiff's claims warrant dismissal as well.

## II.   Plaintiff's remaining claims are time-barred.

Plaintiff's claims seeking damages under the TILA, Regulation Z, and RESPA are barred by the applicable statutes of limitations.

First, plaintiff asks for damages because the defendants allegedly violated the Truth in Lending Act ("TILA") when it failed to make certain disclosures. But a plaintiff must bring damages claims under TILA "within one year from the date of the occurrence of the violation."

6

15 U.S.C.  1640(e).  And "[i]t is well-settled law that where a claim for damages under TILA is premised on the failure to provide material disclosures, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement, or possibly, when defendant performs by transmitting the funds to plaintiff[]." *Williams v. Ocwen Loan Servicing, LLC*, No. 19-CV-2187, 2020 WL 5757640, at *10 (E.D.N.Y. Sept. 27, 2020).  Plaintiff's TILA claims are barred because plaintiff entered his loan agreement over a decade ago, in 2006.  *See* Def.'s Mot. to Dismiss Ex. A; *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018) ("[A] suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering that loan.").

Second, plaintiff asks for damages because defendant allegedly violated Regulation Z, 12 C.F.R. § 226, the "regulatory vehicle through which TILA is implemented." *McLean-Laprade v. HSBC*, No. 12-CV-1774, 2013 WL 3930565, at *8 (N.D.N.Y. July 30, 2013).  Because plaintiff's "TILA claims are time-barred . . . , any claims based on Reg[ulation] Z are time-barred as well." *Ibid*; *see Williams*, 2020 WL 5757640, at *9 (dismissing a claim of "a violation of Regulation Z" because this claim was time barred under TILA); *Evans v. Select Portfolio Servicing, Inc.*, No. 18-CV-5985, 2020 WL 5848619, at *11 (E.D.N.Y. Sept. 30, 2020) (dismissing claims of "violation[s] of the Truth in Lending Act . . . and Regulation Z thereunder" in part because "the statute of limitations has long expired for [p]laintiffs' TILA claims").

Third, plaintiff asks for damages because defendant allegedly violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2610, when it imposed fees on plaintiff.  But Section 2610 only prohibits fees "by a lender in connection with a federally related mortgage loan . . . for or on account of the preparation and submission of" required statements, which plaintiff has not alleged.  To the extent that the complaint can be read to raise claims under 12 U.S.C. §§

7

2605, 2607, or 2608, which impose additional disclosure obligations and prohibit other kinds of fees, such claims are barred by RESPA's statute of limitations.  RESPA obligates a plaintiff to bring an action "within [three] years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608 . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614.  Again, any violations alleged by plaintiff took place over a decade ago.  His claims must therefore be dismissed.  *See Redd v. Fed. Nat'l Mortg. Ass'n*, No. 19-CV-1045, 2020 WL 1536596, at *8 (dismissing as time-barred RESPA claim after construing claim to fall under Section 2605).

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff's claims challenging the foreclosure action against him are dismissed without prejudice, and plaintiff's disclosure-related claims are dismissed with prejudice.

SO ORDERED.

  */s/  Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:         April 23, 2021
               Brooklyn, New York

8